**Idrise DICKO, Petitioner,**

v.

**Attorney General Alberto R. GONZALES,[1] U.S. Department of Justice, Respondent.**

**No. 04–0803–AG.**

United States Court of Appeals, Second Circuit.

March 22, 2006.

Lawrence Spivak, New York, New York, for Petitioner.

---

**1.** Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

Peter W. Gaeta, Assistant United States Attorney, (Christopher J. Christie, United States Attorney for the District of New Jersey, on the brief), Newark, New Jersey, for Respondent.

PRESENT: Hon. THOMAS J. MESKILL, Hon. ROSEMARY S. POOLER, and Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is hereby DISMISSED in part and GRANTED in part, the BIA's decision is VACATED in part, and the case is REMANDED for proceedings consistent with this order.

Idrise Dicko, through counsel, petitions for review of a decision of the Board of Immigration Appeals ("BIA") summarily affirming the decision of an Immigration Judge ("IJ") denying asylum and withholding of removal under the Immigration and Nationality Act of 1952 (the "Act"), as well as relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history.

This Court reviews the IJ's decision where, as here, the BIA summarily adopts or affirms that decision without opinion. See Ming Xia Chen v. BIA, 435 F.3d 141, 144 (2d Cir.2006); Twum v. INS, 411 F.3d 54, 58 (2d Cir.2005). Where an IJ decision depends on findings of fact, our review is deferential, inquiring only into whether the findings are supported by substantial evidence. See Islami v. Gonzales, 412 F.3d 391, 396 (2d Cir.2005). This Court reviews de novo any questions of law, including questions as to the sufficiency of the evidence necessary to carry an applicant's burden. Id.

■ We lack jurisdiction to review the IJ's denial of Petitioner's asylum application as untimely. The Act prohibits judicial review of the Attorney General's determinations regarding the one-year deadline provided in 8 U.S.C. § 1158. See 8 U.S.C. § 1158(a)(2)(B). The Real ID Act of 2005, Pub. L. No. 109–13, 119 Stat. 231, 310 (codified at 8 U.S.C. § 1252(a)(2)(D)), did not remove this limitation on our review. See Xiao Ji Chen v. United States Dep't of Justice, 434 F.3d 144, 154 (2d Cir.2006) ("Because the REAL ID Act only provides us with jurisdiction to review constitutional claims or matters of statutory construction, we remain deprived of jurisdiction to review discretionary and factual determinations.").

We do, however, have jurisdiction to review the denial of petitioner's alternative grounds for relief, to which we now turn. To qualify for withholding of removal under the Act, an applicant must establish that there is a "clear probability" that if he were removed, his life or freedom would be threatened on account of one of the protected grounds listed in 8 U.S.C. § 1231(b)(3)(A). See Secaida–Rosales v. INS, 331 F.3d 297, 306 (2d Cir.2003). Evidence of past persecution creates "a rebuttable presumption ... that there is a clear probability of a future threat should the applicant be returned." Id. In order to be eligible for relief under CAT, the applicant must demonstrate that it is more likely than not that he will be subject to torture if he returns to the proposed country of removal. See Wang v. Ashcroft, 320 F.3d 130, 133–34 (2d Cir.2003).

■ Here, petitioner argues that he is entitled to withholding of removal under both the Act and CAT because he was persecuted as a member of the Lari ethnic group when rebels burned his parents alive and stripped and beat Dicko and his

siblings in the Congo. Petitioner, therefore, asserts that he is entitled to a rebuttable presumption that it is more likely than not he will face persecution and threats to his life if he is returned to the Congo.

The IJ acknowledged petitioner's testimony regarding his and his family's mistreatment in the Congo and made no determination that it lacked credibility. The IJ ruled, however, that the incidents of mistreatment were not "on account of" membership in a protected group, specifically, concluding there was a lack of evidence corroborating petitioner's assertion that it was on account of his membership in the Lari tribe. In so doing, the IJ overlooked in the record, an "Assessment to Reject" prepared by the INS, which provides in specific terms the corroboration that the IJ said was missing. The BIA, for its part, failed to examine the petitioner's application for withholding of removal and for relief under the CAT when it affirmed the decision of the IJ without opinion. When these omissions were pointed out during oral argument, the attorney for the Respondent agreed and stipulated that the matter be vacated and remanded for further consideration of the withholding of removal and CAT claims. Accordingly, because of its obvious omissions in analysis, this matter is remanded to the BIA.

For the foregoing reasons, the petition for review is DISMISSED in regard to the claim for asylum and GRANTED in regard to petitioner's application for withholding of removal and relief under CAT. With respect to the latter two grounds, the decision of the BIA is VACATED and this case is REMANDED to the BIA for further consideration.